UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CESAR FERRER                          :
    Plaintiff,                        :
V.                                    :    CASE NO. 3:08-CV-1040(RNC)
T.L. CANNON MANAGEMENT CORP.,         :
    Defendant.                        :

                            RULING AND ORDER

   Under Connecticut law, an at-will employee may recover in tort for wrongful discharge if he is fired for complaining about, or refusing to participate in, his employer's violation of public policy.  See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 480 (1980).  Plaintiff brings this suit claiming that he was discharged for complaining about his employer's violation of the public policy requiring employers to provide a reasonably safe workplace.  See Parsons v. United Technologies Corp., 243 Conn. 66 (1997).  He alleges that he was discharged after informing his manager that a co-worker threw a punch at him and missed.  The complaint alleges that the co-worker assaulted another employee about a year earlier.

   In Parsons, the Connecticut Supreme Court ruled that the public policy embodied in the state statute requiring employers "to exercise reasonable care to provide for [their] servants a reasonably safe place in which to work," Conn. Gen. Stat. § 31-49, provides grounds for a wrongful discharge claim when an at-will employee is fired for refusing to work in conditions posing

an "objectively substantial risk of death, disease or serious bodily injury."  243 Conn. at 82.  Defendant contends that the complaint must be dismissed because any danger posed by plaintiff's co-worker did not satisfy this stringent standard. Plaintiff responds that even assuming the danger he faced was not as serious as the Parsons standard demands, he can still recover if he had a good faith belief that it was, analogizing his claim to retaliation claims under antidiscrimination statutes. Defendant replies that under the holding in Parsons, plaintiff's subjective belief regarding the risk to his safety posed by his co-worker is insufficient to enable him to contest his discharge.

No Connecticut case has been cited or found that discusses the issue whether the cause of action recognized in Parsons is available to an employee who is discharged after complaining about a physically threatening co-worker.  "Whe[n] the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity."  Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 119 (2d Cir. 1994).  The statute underlying the cause of action recognized in Parsons requires employers to provide employees with "fit and competent persons as . . . colaborers." Conn. Gen. Stat. § 31-49.  The danger posed to an employee by an unstable co-worker may be sufficiently serious in exceptional

2

cases to satisfy the objective standard established in Parsons. Accordingly, it is reasonable to assume that the Connecticut Supreme Court would extend the cause of action recognized in Parsons to cases in which an employee is fired after complaining about having to work with such a co-worker.

Plaintiff's theory that he may recover for wrongful discharge if he believed in good faith that the danger he faced met the Parsons standard should not be lightly dismissed. The public interest in promoting workplace safety would be served by prohibiting retaliation against an at-will employee who complains about unsafe conditions that do meet the stringent standard articulated in Parsons. The Connecticut Supreme Court has repeatedly emphasized, however, that the public policy exception to the rule giving employers unfettered discretion to terminate an at-will employment relationship is "narrow." Thibodeau v. Design Group One Architects, LLC, 260 Conn. 691, 701 (2002) (quoting Parsons, 243 Conn. at 79; accord Burnham v. Karl & Gelb, P.C., 252 Conn. 153, 159 (2000)). See also Sheets, 179 Conn. at 477 ("[C]ourts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation."). The Court has consistently rejected claims that were not predicated on an employer's violation of an important and clearly articulated public policy. Thibodeau, 260 Conn. at 701 (citing cases). In Parsons itself, moreover, the Court took

pains to state, "we are *not* holding that an at-will employee can contest his or her discharge based on a *subjective* belief that an employer's directive would pose a threat to the employee's health and safety." See id. at 86.  Accordingly, plaintiff cannot recover unless he can carry the burden of proving that the danger he faced met the objective standard enunciated in Parsons.

This stringent standard is not satisfied by plaintiff's bare allegations that the co-worker who unsuccessfully tried to punch him had assaulted someone else about a year earlier.  In keeping with the letter and intent of the Parsons standard, plaintiff must allege more than this.  His claim would be adequately pleaded if he alleged that the co-worker had a known propensity for violence and specifically threatened him with serious bodily harm.

Accordingly, the motion to dismiss is hereby granted. Plaintiff will have 21 days to file an amended complaint in conformity with this ruling.  If no amended complaint is filed, the dismissal will be with prejudice.

So ordered this 6th day of March 2009.

<pre>                                    /s/ RNC
                           Robert N. Chatigny
                       United States District Judge</pre>